IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION NO. 2:94-cr-00169

AARON THOMAS


MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Reduction of Sentence pursuant to the First Step Act filed by the defendant, Aaron Thomas. [ECF No. 187]. For the reasons that follow, Mr. Thomas's Motion is **GRANTED.**

I.  Background

At age twenty-one, Defendant Aaron Thomas was convicted of possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). At the time he was arrested for this offense, Mr. Thomas reported being a courier for the drugs. On June 7, 1995, Judge Charles H. Haden, II sentenced him to 300 months in prison followed by five years of supervised release. He was designated a Career Offender under the Sentencing Guidelines because his two prior convictions were for delivery of less than fifty grams of cocaine, which qualified as "controlled substance offenses" pursuant to U.S.S.G. § 4B1.1.

On September 2, 2010, Mr. Thomas was convicted of two counts of assaulting

a correctional officer while incarcerated at United States Penitentiary Hazelton in violation of 18 U.S.C. §§ 111(a) and (b). He was sentenced to 96 months of imprisonment as to Count One and 108 months as to Count Two, to run concurrently to each other, but consecutively to his sentence in the instant case.

Mr. Thomas is currently incarcerated, with a projected release date of November 10, 2025. While incarcerated, Mr. Thomas was able to earn his GED and has completed numerous educational courses. At age 46, Aaron Thomas has spent most of his life in prison for a crime he committed twenty-five years ago. He has family members who love and support him. Mr. Thomas's mother, Susie Thomas, desperately wants to be able to see and spend time with her son outside of prison before "something" happens to her as she is getting older in age.

Mr. Thomas asks that this Court enter an order reducing his sentence to 151 months of incarceration, the bottom of Mr. Thomas's new Guideline range under the First Step Act, followed by three years of supervised release. The Government agrees that a new Guideline sentence is appropriate, and "respectfully requests this Court consider modifying defendant's sentence, in light of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a sentence within the newly calculated guideline range, to be followed by three years of supervised release." Govt. Resp. [ECF No. 192] 9.

## II.   First Step Act

The Fair Sentencing Act of 2010 was enacted to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Under Section 2 of the Fair Sentencing Act, "what used

to be a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums became an 18:1 ratio." *United States v. King*, No. 3:02-CR-00067, 2019 WL 7563528, at *1–2 (M.D. Tenn. Oct. 30, 2019) (quoting *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013)). Section 3 "eliminated the 5–year mandatory minimum for simple possession of crack." *Id.* (quoting *Dorsey v. United States*, 567 U.S. 260, 269–270 (2012)). The First Step Act of 2018, in turn, provided additional relief to some offenders by making certain provisions of the Fair Sentencing Act retroactive. *Id.*

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted).

The First Step Act of 2018 expressly allows courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019). Section 404 of the First Step Act applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. Any defendant sentenced before the effective dates of the Fair Sentencing Act (August 3, 2010), and who did not receive

3

the benefit of the changes to the statutory penalties made by the Act, is eligible for a sentence reduction under the First Step Act. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base that triggers the mandatory minimum and maximum penalties under 21 U.S.C. § 841.

The First Step Act places significant discretion with the United States District Courts. *See Wirsing*, 943 F.3d at 180. It does not specify the nature and extent of the relief available. Courts are not compelled to grant relief. The First Step Act grants authority to the sentencing judge to make the final determination about whether to lower an eligible defendant's sentence and if so, how much that sentence should be lowered.

The proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b). *Wirsing*, 943 F.3d at 184. The First Step Act grants courts statutory authority to conduct a full resentencing. *United States v. Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2 (S.D.W. Va. Nov. 21, 2019). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Thus, this language allows for a resentencing under the First Step Act.

"Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range." *Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2. Modifying the sentence under § 3582(c)(1)(B) does not require a

hearing or the defendant's presence. *See e.g., id.* ("Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing."); *Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019), order amended and superseded, No. 4:95-CR-39, 2019 WL 6039954 (E.D. Va. Nov. 14, 2019). "It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case." *Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2.

### III. Discussion

#### a. Statutory Penalties

Mr. Thomas is eligible for consideration of a sentence reduction under the First Step Act. On February 6, 1995, Mr. Thomas pled guilty to an indictment charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The indictment did not specify an amount of crack cocaine, and Mr. Thomas did not stipulate to any specific amount of drugs by virtue of his plea agreement.

Prior to the Fair Sentencing Act of 2010, Possession with the Intent to Distribute 50 Grams or More of Cocaine Base carried a penalty of a minimum of ten years to life imprisonment, followed by a term of supervised release of at least five years. A conviction carrying these penalties qualifies as a Class A felony. The Fair Sentencing Act amended 21 U.S.C § 841(b)(1)(A)(iii) to require 280 grams of cocaine base to trigger the associated minimum and maximum penalties.

In this instance, Mr. Thomas appears to be eligible for a reduction because he

was sentenced under 21 U.S.C. § 841(b)(1)(A) for a cocaine base offense that was committed prior to the enactment of the Fair Sentencing Act of 2010. Because defendant was charged with an unnamed amount of cocaine base, and not at least 280 grams, under the First Step Act, the new statutory range for his offense is 0–20 years in prison and a term of supervised release of three years to life under 21 U.S.C. § 841(b)(1)(C), a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C)(2018) (setting forth maximum penalty after a felony drug offense conviction);[1] *see also Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

### b. Sentencing Guidelines

Mr. Thomas was originally sentenced to a term of imprisonment of 300 months followed by five years of supervised release on June 7, 1995 by Judge Haden.

At the June 7, 1995 sentencing hearing, the Court found that the maximum quantity of cocaine base attributed to the defendant was 118 grams of cocaine base.

---

[1] The First Step Act does amend 21 U.S.C. § 841(b)(1) to alter the type of drug offenses that trigger increased penalties. First Step Act, S. 756, 115th Cong., § 401 (2018). This provision was not, however, made retroactive in any case in which a sentence has already been imposed. The Act explicitly states:

> (c) Applicability to Pending Cases. This section, and the amendments made by this section, shall apply to any offense that was committed before the date of the enactment of this Act, if a sentence has not been imposed as such date of enactment.

*Id.* at § 401(c)(emphasis added).

Mr. Thomas was determined to be a Career Offender because of his two prior convictions for delivery of less than fifty grams of cocaine. Due to his Career Offender classification under U.S.S.G. § 4B1.1 with a Class A Felony, his total offense level was increased from 25 to 34, and his criminal history category was increased from III to VI. Thus, his guideline range at the June 7, 1995 sentencing hearing was 262 to 327 months, and he was sentenced to 300 months. Mr. Thomas's Guideline range without being considered a career offender would have been 70 to 87 months.

Applying the First Step Act changes Mr. Thomas's Guideline sentencing range. Because his statutory penalty has changed from 0–20 years, his offense level under the Career Offender provision pursuant to § 4B1.1 has changed to 29. Therefore, his Guideline sentencing range has changed to 151 to 188 months.

### c. Hearing Under the First Step Act

In light of prior decisions from this district, Mr. Thomas no longer persists in his request for a resentencing hearing. The Court finds that the parties' briefs and the original presentencing report sufficiently articulate the offense conduct as well as any relevant post-conviction conduct that may be considered in the § 3553(a) factors. Thus, based on the issues present in the case and the authority under § 404 of the First Step Act, the Court finds a hearing is unnecessary for this matter. *See Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759 ("It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.").

After considering the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court modifies Mr. Thomas's sentence to 151 months of imprisonment followed by three years of supervised release, which is within Mr. Thomas's new Guideline range.[2]

IV. Conclusion

For the reasons stated herein, Defendant Aaron Thomas's Motion for Reduction of Sentence, [ECF No. 187], is **GRANTED**. This court now reduces Mr. Thomas's sentence to 151 months of imprisonment and three years of supervised release. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 1, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Thomas has currently served 302 months in prison as of March 2020. Therefore, in adding together his new sentence of 151 months for the current action and his consecutive sentence for his 2010 assault conviction while incarcerated (96 months of imprisonment as to Count One and 108 months as to Count Two, to run concurrently to each other), Mr. Thomas should be released immediately.